[Civ. No. 7143.  Second Appellate District, Division Two.—May 27, 1932.]

ADELE BOUDREAY et al., Respondents, v. R. E. IBBET-SON, Appellant.

722

Sparling & Teel for Appellant.

Edwin J. Miller for Respondents.

FRICKE, J., *pro tem.*—The complaint alleges that on or about November 11, 1923, the assignor of plaintiffs, one J. Kertis, entered into an agreement with the defendant for the purchase of certain real property, a copy of which agreement is attached to and made a part of the complaint as an exhibit, and that defendant was paid thereunder the total of $2,500 as follows: $100 on November 11, 1923; $900 on December 13, 1923; $500 on December 2, 1924; $500 on May 14, 1925, and $500 on June 4, 1925, the first two payments by J. Kertis and the others by the plaintiffs. The complaint further alleges that on or about April 15, 1926, and on or about August 10, 1926, "plaintiffs tendered to defendant the entire balance due to the defendant under the terms of said agreement" and demanded a conveyance of said property, but that defendant refused to accept the tender and refused to execute a conveyance. The complaint asks for judgment in the amount of money paid, $2,500, with interest.

Appellant contends that the complaint fails to state a cause of action and that the court erred in overruling an objection to the introduction of evidence made upon that ground. The contention that the complaint nowhere alleges performance by plaintiffs of their part of the contract is without merit, the contract requiring of plaintiffs only certain payments and the complaint alleging the payment of certain sums and a tender of "the entire balance due under the terms of said agreement". The quoted allegation also

meets appellant's contention that there is no allegation of compliance by plaintiffs with the requirement of the contract that they pay taxes and assessments nor any allegation excusing such compliance.

■ Appellant contends that it appears from the complaint that the payments made by respondents' predecessor were not made as called for by the terms of the agreement. The provision of the agreement requires payments from the purchaser as follows: "One Hundred Dollars upon the execution and delivery of this agreement receipt of which is hereby acknowledged, and the further sum of Nine Hundred Dollars on or before the 11th day of December, 1923, and Two Thousand Nine Hundred Ninety Dollars in one, two and three years, with interest at the rate of seven per cent per annum, payable quarterly from date. Taxes for the second half of the current years 1923–1924 to be paid by buyer. Buyer agrees to pay all assessments levied subsequent to date hereof." Appellant presents no argument on this point and does not indicate the deficiency sought to be attacked. If the point is based upon the fact that the sum of $900 to be paid on or before December 11, 1923, was not paid until December 13, 1923, it is answered by the fact that the payment of that amount accepted by appellant, followed by the payment and acceptance of further sums under the agreement, precludes appellant from thereafter urging the delay of two days in the making of this payment.

■ Appellant contends that it appears from the face of the complaint that the total payments made do not equal the amount due at the time of the filing of the complaint and that plaintiffs were in default at the time of the alleged tender. A reading of the terms of the agreement relating to the making of payments thereunder (quoted above) fails to disclose any requirement for payments upon any specific dates subsequent to December 11, 1923, the only provision for subsequent payments being that the balance of $2,990 be paid "in one, two and three years". It was within the seller's power, at the time of entering into the agreement, to provide more definitely for the time of payment of the balance and to provide for definite installment payments thereon, if such was his desire. Not having done so, he cannot now be heard to urge a right of forfeiture

based upon what he now desires to read into the agreement, which is so ambiguous and uncertain that no claim of a default in the making of payments by the purchaser could be maintained prior to the expiration of the three-year period. Appellant's other points based upon the false premise of a default are without merit.

Appellant contends that there is no evidence to support the finding that on August 10, 1926, the plaintiffs tendered the entire balance due appellant under the agreement and demanded a conveyance of the property, but that appellant refused the tender, refused to execute a conveyance and told plaintiffs that they no longer had any interest in the property. It may be here noted that it is the contention of appellant that the contract had been forfeited and canceled for the unexcused default of the respondents on or about February 26, 1926. The transcript shows that about April 16, 1926, respondents sent to appellant a check for $44.50 to cover taxes and interest due, which appellant returned twelve days later inclosed in a letter declaring that the contract "was cancelled Feb. 2, 1926, account of non-payment"; and the evidence also shows that on February 26, 1926, appellant wrote a letter to respondents notifying them that he had on that date canceled the contract, this letter following up a letter of appellant under date of January 28, 1926, in which he stated that unless the sum of $508.30 was paid in full by February 12, 1926, "R. E. Ibbetson will exercise his right under said contract to terminate the same and retain all moneys previously paid by you". In view of the fact that there was no default on the part of respondents, this cancellation of the contract and forfeiture of the amounts paid thereunder were wholly unwarranted and were a declaration in no uncertain terms that the appellant refused to be further bound by the contract and refused to perform his part thereof. Appellant having thus refused, without just cause or excuse, to accept a payment under the contract, respondents were excused from further performance or offers or tenders of performance. (Civ. Code, secs. 1511, 1512, 1515.) It therefore not only is immaterial whether the tender was in proper form, but no tender was necessary to give rise to the cause of action here prosecuted. Were the action for specific performance the question of tender, its sufficiency and timeliness would

be material; but we have here an action for damages arising from a refusal of the appellant to perform his obligations under the contract. Upon such refusal the right of action arose, and no tender thereafter was necessary. The finding as to the tender is therefore not necessary to the sustaining of the judgment. The damages recoverable resulted not because the cancellation was ineffectual but because appellant refused to perform the contract and prevented respondents from performing their part of the agreement. The amendment of the complaint setting forth appellant's letter of February 28, 1926, and the proof in support of the allegation were proper not only as showing an excuse for the failure to make subsequent payments, but as evidencing appellant's refusal to perform the contract.

Appellant contends that the action is barred by the statute of limitations set forth in sections 339 and 337 of the Code of Civil Procedure. Section 339 applies to actions on contract "not founded upon an instrument in writing" or on contract evidenced by a certificate, abstract of guaranty or policy of title insurance, and obviously has no application here. Section 337 prescribes a limitation of four years. As this action was commenced March 6, 1929, upon a cause of action which arose on February 26, 1926, it was well within the limitation of the statute.

The point that the findings as to the provisions of the agreement relating to payments under the agreement and as to the ambiguity and uncertainty of the due dates of such payments are without the issues is not well taken. The agreement was made a part of the complaint and a construction of the contract was necessary to a determination of the rights of the parties, whether respondents had defaulted in their payments and whether there was any justification for appellant's attempt to cancel the agreement.

The judgment is affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.